

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

*See art 3930b*

**WILL WILSON**
**ATTORNEY GENERAL**

October 2, 1958

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin 11, Texas

Opinion No. WW-508

Re: Authority of the Comptroller
to issue a warrant in payment
of a recording fee in order
to record the Agriculture
lease on lands purchased by
Dear Mr. Calvert:          the Veterans' Land Board.

You have requested an opinion concerning the authority
of the payment of a fee to the County Clerk of a salaried county
for recording an agricultural lease on land purchased by the
Veterans' Land Board. The Veterans' Land Board requested that
the payment of the recording fee to the County Clerk be paid out
of funds in the State Treasury comprised of money collected pur-
suant to the following provisions of Section 21 of Article 5421m:

"The Board is further authorized and re-
quired to charge and collect for the use of the
State the following fees for the processing and
servicing of purchase applications and Contracts
of Sale and Purchase and matters incidental
thereto. Any such fees, or a portion thereof,
which in the opinion of the Board are unused
shall be refunded.

". . .

"7.  Service fee for each Contract of
Sale and Purchase . . . . . . . . $25.00

"All moneys received by payment of the above
fees and not refunded shall be deposited in the
State Treasury and credited to the Veterans' Land
Board Special Fund, and said Fund is hereby appro-
priated to the Veterans' Land Board to be used
as it deems necessary to pay any expenses of the
Veterans' Land Board, including salaries, in-

creasing of salaries, or travel expenses
of the employees of the Veterans' Land Board,
or employees of the General Land Office doing
work with the Veterans' Land Program, pro-
vided, however, that such salaries, or ex-
penses, shall be in line with the salaries or
expenses paid to similar employees of other
State departments performing similar duties."

The contention of the Veterans' Land Board is stated
in a letter to the Comptroller's Office dated August 21, 1958,
as follows:

"The Veterans' Land Board, by necessity,
must correct errors in deeds and forty-year
contracts when such errors are discovered during
the life of the contract.  The method in correct-
ing such errors is by means of a corrected in-
strument which must be recorded in the County
where the land is located.  It is the opinion of
this office that the $25.00 service fee is set up
specifically under Article 5421m, Section 21,
Vernon's Civil Statutes for the payment of the
recording fee for recording the corrected instru-
ment and for the payment of other necessary ex-
penses of servicing the Veteran's contract.

"Under the above referred to Article 5421m,
Section 21, Vernon's Civil Statutes, the $25.00
service fee is, quote, 'deposited in the State
Treasury and credited to the Veterans' Land
Board's special fund, and said fund is hereby
appropriated to the Veterans' Land Board to be
used as it deems necessary to pay any expenses
of the Veterans' Land Board.'"

If the recording fee were a legal expense of the
Veterans' Land Board, the service fees appropriated by the Legis-
lature could be expended for this purpose.  However, Sections 1
and 3 of Article 3912e, Vernon's Civil Statutes, specifically
prohibit the payment of such fees.  Section 1 states that "nor
shall the State . . . pay to any county officer . . . any fee
or commission for any service by him performed as such officer
. . ." (Exceptions not applicable).  Section 3 provides
"neither the State . . . shall be charged with or pay to any
of the officers . . . any fee or  commission for the perfor-
mance of any or all of the duties of their offices . . ."
(Exceptions not applicable).

Since the charge is specifically prohibited by statute, these instruments must be recorded without any charge to the Veterans' Land Board.  If the "fee" for rendering the service of recording these instruments should be construed to be a charge against the individual rather than the Veterans' Land Board, the money deposited in the State Treasury could not be used for the payment of personal expenses of an individual.  Therefore, you are advised that you are not authorized to issue a warrant in payment of these fees.

## SUMMARY

The Comptroller of Public Accounts is not authorized to issue a warrant in payment of a recording fee for recording an Agriculture lease on lands purchased by the Veterans' Land Board.

Yours very truly,

WILL WILSON
Attorney General of Texas

JR:jl

By *John Reeves*
John Reeves
Assistant

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

L. P. Lollar

Arthur Sandlin

Richard Wells

John Steinberger

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert